**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IVOY N. WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-3364-CV-S-RED-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ORDER

Before the Court is Plaintiff's Motion for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 29). Before addressing the issue of attorney fees, the Court must first amend it's Order (Doc. 27) whereby the Court remanded this case for further proceedings.

When the Court entered its remand order in this case, it was intended to be pursuant to sentence four under 42 U.S.C. § 405(g). However, in order to remand under sentence four, the Court should have specified that the remand order was a final judgment reversing and remanding the case to the Commissioner for further proceedings. *See Brown v. Barnhart*, 282 F.3d 580, 581 (8th Cir. 2002) (finding that orders under sentence four must enter final judgment affirming, modifying, or reversing the ALJ's decision). As the Court's remand order found that the ALJ erred in rendering his decision, remand under sentence four is appropriate. *See Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (noting that remand under sentence four is appropriate where "the district court makes a substantive ruling regarding the correctness of a decision of the Commissioner and remands the case in accordance with such a ruling"). Therefore, the Court hereby **AMENDS** its Order (Doc. 27) to reflect that pursuant to sentence four of 42 U.S.C. § 405(g), final judgment is entered **REVERSING** the decision of the ALJ and **REMANDING** the case to the Commissioner for action

in accordance with the Court's discussion in its Order (Doc. 27).

Turning to the pending Motion, Plaintiff seeks an award of attorney fees pursuant to 28 U.S.C. § 2412(d). Specifically, Plaintiff seeks $3,995.13 in attorney fees and $17.13 for certified mail expenses. Section 2412(d) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . .," including "reasonable attorney fees." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). However, § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Under the particular circumstances of this case, the Court approves the fees and expenses in the amount of $4,012.26 to be awarded to Plaintiff. Plaintiff's Motion for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 29) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: May 10, 2011         /s/ Richard E. Dorr
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT

2